**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)**

| | | |
|---|---|---|
| TALENTX PRODUCTS, LLC, | ) | CASE NO. 2:21-cv-00695 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES L. GRAHAM |
| | ) | |
| -vs- | ) | MAGISTRATE JUDGE |
| | ) | ELIZABETH PRESTON DEAVERS |
| MDU-TXE, LLC, | ) | |
| | ) | **PLAINTIFF TALENTX PRODUCTS,** |
| Defendant. | ) | **LLC'S REPLY IN SUPPORT OF** |
| | ) | **MOTION FOR LEAVE TO AMEND** |
| | ) | **COMPLAINT TO ADD A PARTY** |
| | ) | **DEFENDANT** |

**I.   INTRODUCTION**

Plaintiff TalentX Products, LLC ("TalentX"), by and through its undersigned counsel, hereby files this Reply ("Reply") in further support of its Motion for Leave ("Motion for Leave") to file its Amended Complaint to Add a Party Defendant, *instanter*. On May 3, 2021, TalentX filed its Motion requesting that this Court grant TalentX leave to file its First Amended Complaint to add Brandon Fuss-Cheatham as an additional party defendant. On May 21, 2021, Defendant MDU-TXE, LLC ("Defendant") filed its Memorandum in Opposition to TalentX's Motion (the "Opposition"). However, Defendant's Opposition fails to dispute that TalentX's Motion is not warranted. As a result, this Court should grant TalentX's Motion.

**II.   LAW AND ARGUMENT**

   A.   Good Cause Exists To Grant TalentX's Motion.

Federal Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting Fed. R. Civ. P. 15(a)). Leave to amend a pleading should only be denied in situations where there is undue delay, futility of amendment, repeated failure to cure deficiencies by

14707316 v1

amendments previously allowed, bad faith, dilatory motive on the part of the movant, or undue prejudice to the opposing party by virtue of allowing the amendment. *Foman v. Davis*, 371 U.S.178, 182 (1962); *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008); *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

TalentX has acknowledged that the Court's scheduling order established April 30, 2021 as the cut-off date for amending pleadings and/or adding additional parties and that TalentX filed its Motion on May 3, 2021. This was not due to TalentX's lack of diligence, nor did TalentX ignore the deadline in the Court's scheduling order. TalentX firmly respects the deadlines established by the Court in the scheduling order. Given the unusual background of this matter, TalentX needed to perform the necessary research and due diligence required to ensure it had a valid basis to file a cause of action against Mr. Fuss Cheatham. Indeed, TalentX's Motion is made in good faith and only one business day after the deadline.

Importantly, no prejudice exists to Defendant. This is TalentX's first request for amendment so there have not been any repeated failures to cure deficiencies by amendments previously allowed. TalentX's amended complaint will not cause any undue delay as it is being made prior to any formal discovery in this matter occurring. Defendant will still be able to fully investigate TalentX's allegations in the First Amended Complaint. Accordingly, TalentX should be allowed at this early stage in the litigation to add Brandon Fuss-Cheatham as a party defendant to the Complaint.

    B.    <u>Granting TalentX's Motion Would Not Be Unduly Prejudicial To The New Party Defendant</u>.

Granting TalentX's Motion would not be unduly prejudicial to either Defendant or the new party defendant - Brandon Fuss-Cheatham. "[M]ere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing

party or of the Court can justify such denial." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). In this instant matter, neither Defendant nor Mr. Fuss-Cheatham will be unduly prejudiced by TalentX filing an amended complaint to add a party defendant. To date, no formal discovery has occurred. As a result, Defendant and Mr. Fuss-Cheatham will have ample time to investigate the allegations contained in the First Amended Complaint by way of depositions, interrogatories, requests for production and any other permissible method of discovery. There will not be any delay in the resolution of the dispute - again the matter is in the very early stages of litigation. Finally, Defendant and Mr. Fuss-Cheatham will not have to conduct their defense in a substantially different manner.[1] Defendant has only begun its defense of this matter. TalentX is not seeking to add additional claims. Rather, TalentX merely is seeking to add an additional party defendant. Defendant and Mr. Fuss-Cheatham have failed to establish demonstrable prejudice. As a result, this Court should grant TalentX's Motion.

      C. <u>Granting TalentX's Motion Would Not Be Futile.</u>

Granting TalentX's Motion will not be futile as TalentX's claims against Mr. Fuss-Cheatham will withstand any motion to dismiss filed by Defendant.[2] As discussed in TalentX's Motion, Ohio law is clear that "when an individual signs a contract on behalf of a not-yet-formed company, he is personally liable unless the parties execute a novation." *Norfolk Southern Ry. Co. v. Jacobs*, 549 F.Supp.2d 990, 998 (citing *Illinois Controls v. Langham*, 70 Ohio St.3d 512, 524, 639 N.E.2d 771 (Ohio 1994)). In the instant matter, the Merchandising Agreement ("Agreement") was executed on February 7, 2020 and signed by Brandon Fuss-Cheatham as the

---

[1] Defendant oddly asserts that Mr. Fuss-Cheatham's defense is now substantially different than if TalentX has sought to amend its complaint mere days earlier. Tellingly, Defendant fails to state how Mr. Fuss-Cheatham's defense is substantially different now as it certainly could not be.

[2] Importantly, the validity of TalentX's claims against Mr. Fuss-Cheatham is not a basis to deny a motion for leave to amend. *See Grant v. Target Corp.*, 281 F.R.D. 299, 302-303 (S.D. Ohio 2012) (holding that "where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested by way of a motion to dismiss.").

3

President/Founder/Member of Defendant MDU-TXE, LLC. However, Defendant MDU-TXE, LLC was not formed until February 21, 2020 - two weeks after the Agreement was executed. As Defendant concedes, a novation was not executed here. Accordingly, Mr. Fuss-Cheatham is personally liable for Defendant's breach of the Agreement.

Defendant, however, argues that the *Norfolk* Court "interpreted and dismissed" this "formalistic argument." Opposition at p. 5. However, this is not an accurate summary of the *Norfolk* Court's holding and more importantly, Defendant ignores the binding Ohio Supreme Court holding relied upon by the *Norfolk* court.

In *Norfolk*, the court clearly held that:

> although "mere adoption of the contract by the corporation will not relieve promoters from liability in the absence of a subsequent novation," a promoter will be relieved of liability if the corporation is later formed, the agreement states that the corporation is to be responsible and liable, the corporation acts consistently with the obligations of the contract, and the corporation formally adopts the contract. If such is not the case, both promoter and the later formed corporation may be liable.

*Norfolk Southern Ry. Co.*, 549 F.Supp.2d at 998 (citing *Illinois Controls v. Langham*, 70 Ohio St.3d 512, 524, 639 N.E.2d 771 (Ohio 1994)) (internal citations omitted).

While the *Norfolk* court does state that "Ohio law allows for some flexibility in applying this characteristically rigid law, based on the reality of the parties' dealing and their intent," the Court relies upon the Ohio Restatement, *Papas v. Bookwalter* and *Ohio Carpenters' Fringe Benefit Fund v. Krulak* in support of its view of Ohio law. However, those authorities are easily distinguishable from the instant matter. First, the facts in *Pappas* are distinguishable as the company involved was formed prior to the execution of the agreement and, further, the individual defendants signed the agreement without designating any corporate titles. *Papas v. Bookwalter*, 1984 WL 4138, *1 (Ohio Ct. App. 1984). More importantly, *Papas* was decided **before** the Ohio Supreme Court's holding in *Illinois Control, Inc. See Illinois Controls*, 70 Ohio St.3d at 524

4

(holding "when an individual signs a contract on behalf of a not-yet-formed company, he is personally liable unless the parties execute a novation."). Accordingly, *Papas* is not instructive here.

Similarly, the facts in *Ohio Carpenters* are also distinguishable. In *Ohio Carpenters*, the defendant edited the promissory note before signing to add his corporate title and then signed the note as President of the already existing corporation. *Ohio Carpenters' Fringe Benefit Fund v. Krulak*, 2008 WL 192130 at *5-6 (Ohio Ct. App. 2008). Again, this is not the issue in the instant matter. Defendant MDU-TXE, LLC did not exist at the time Mr. Fuss-Cheatham signed the Agreement.

Finally, the *Norfolk* court's reliance upon the Ohio Restatement is not relevant as the section cited to by court does not address situations wherein an agreement is signed on behalf of a not-yet-formed company.

In the instant matter, Defendant MDU-TXE, LLC was not formed at the time the Agreement was executed. Mr. Fuss-Cheatham signed the Agreement as the President/Founder/Member of MDU-TXE, LLC. While Defendant argues that Mr. Fuss-Cheatham signed the Agreement on behalf of Defendant MDU-TXE, LLC, no dispute exits that Defendant MDU-TXE, LLC was a nonexistent entity at that time. Therefore, Mr. Fuss-Cheatham could not have signed the Agreement as the President/Founder/Member of a nonexistent entity. In this situation, Ohio law is clear. Mr. Fuss-Cheatham can be personally liable for any breach of the Agreement. *See Illinois Controls v. Langham*, 70 Ohio St.3d 512, 524, 639 N.E.2d 771 (Ohio 1994). Accordingly, TalentX's Motion is not futile as TalentX's claims against Mr. Fuss-Cheatham will withstand any motion to dismiss filed by Defendant.

### III. CONCLUSION

Accordingly, TalentX respectfully requests the Court grant its Motion for Leave to Amend Complaint to add a Party Defendant.

Respectfully submitted,

*/s/ Jennifer M. Turk*
Jennifer M. Turk (0073781)
Abigail Riffee (0098867)
**BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF LLP**
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone: 614.223.9308
Facsimile: 614.223.9330
jturk@beneschlaw.com
ariffee@beneschlaw.com

*Attorneys for Plaintiff TalentX Products, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed on this 4th day of June, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Jennifer M. Turk*